## STATE

v.

## Raymond DeBARROS.

No. 88–101–C.A.

Supreme Court of Rhode Island.

Jan. 17, 1989.

James E. O'Neil, Atty. Gen., Annie Goldberg, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a judgment of conviction for the robbery of a Cumberland Farms store on October 11, 1982. The conviction now pending on appeal resulted from the third trial of this defendant, Raymond De-Barros. The first trial was terminated when the jury was unable to agree on a verdict. The second trial resulted in a conviction that was summarily reversed and a new trial ordered. The third trial resulted in the present conviction. The facts insofar as pertinent to this appeal are as follows.

On October 11, 1982, two men entered the Cumberland Farms store on Post Road in Warwick about one-half hour before closing. They demanded money from the clerk on duty and fled with an amount that totaled less than $100. The clerk could not identify the taller man because he wore a ski mask while inside the store. Two women outside the store saw the men leave and then saw the taller man remove his mask. One of these women identified the taller of the two as defendant. These witnesses noted that the robbers walked briskly from the store, accelerated into a "light run," and gradually increased speed until they were running down Post Road. The two women saw nothing unusual about the way the men ran.

The defendant raised the defense of alibi, claiming to have been babysitting for his sister on the evening when the robbery occurred. As an additional defense, defendant claimed that at the time of the robbery he was suffering from a leg injury and therefore would have been unable to run rapidly from the scene of the crime. Evidence indicated that he had been wearing a cast as a result of an injury sustained in a bicycle accident some months earlier.

When the case was about to begin on May 12, 1987, defendant's counsel requested permission to withdraw and informed the court that another attorney would represent defendant. The trial justice allowed the withdrawal but insisted that the trial begin that afternoon at 2 p.m. The defendant and his new trial attorney appeared that afternoon as scheduled, but counsel requested a continuance in order that he might present a witness, one Dr. Keune, who allegedly treated or at least examined defendant's injured foot three days after the robbery, at the Adult Correctional In-

stitutions (ACI). Defense counsel offered to prove through this witness that defendant would have had great difficulty in running or even walking rapidly on the date of the robbery because he had just ceased wearing a cast on his leg. Counsel also offered to prove through this witness that a new cast was placed on the leg roughly five days after the robbery.

The state did not object to the request for a continuance, but the trial justice refused to grant the request because counsel was unable to state when the doctor would return from a seminar. In denying the request, the trial justice indicated that counsel might again move for a continuance if the doctor's testimony relating to defendant's foot "becomes an issue." It is significant to note that the second trial counsel had not interviewed the doctor but had received his information from the former trial counsel who had given him the file only an hour before the case was to begin.

The trial justice also noted that there was a record of the examination at the ACI that might later be introduced into evidence. In fact the record of this examination was introduced into evidence. The record was in the doctor's own handwriting. During deliberation, the jurors asked for assistance in reading this record since they were having trouble deciphering the words. The trial justice said that she could be of no assistance to the jury.

In support of his appeal defendant raises a number of issues but emphasizes that he was severely prejudiced by the trial justice's refusal to continue the case so that he could present Dr. Keune. He also asserts that the trial justice abused her discretion in refusing the jury's request for assistance in deciphering the ACI medical report. We believe that these issues may well be significant, but unfortunately the record is incomplete in respect to the testimony that would have been given by Dr. Keune [1] and is also incomplete concerning the effect that the medical record might have had in the event that it was deciphered for the jury.

In order that this record may truly reflect the prejudice that may have inured to defendant as a result of these rulings, we hereby remand the case to the trial justice with the following directions.

1. Dr. Keune shall be summoned as a witness and allowed to testify on both direct and cross-examination concerning his examination and treatment of defendant and his opinion of defendant's capacity for leg movement at that time.

2. Dr. Keune will be asked to read and interpret his report and elucidate its description of defendant and his condition at the time of the examination that took place at the ACI shortly after the time of the robbery.

After the trial justice has received the testimony of Dr. Keune, including his translation of his medical report, a transcript of this testimony shall be prepared, and thereafter the papers in the case shall be returned to this court for decision on the appeal. In light of the fact that this case has been pending for a considerable period, it is ordered that this hearing in the trial court be expedited.

---

1. Although the offer of proof was given in very positive terms, we are mindful of the fact that the trial counsel had never interviewed or communicated with the doctor in any way.